MICHAEL C. MILLS, ESQ.
Nevada Bar No. 003534
BAUMAN LOEWE WITT & MAXWELL
3650 N. Rancho Dr., Suite 114
Las Vegas, NV 89130
Phone: 702-240-6060
Fax: 702-240-4267
Email: mmills@blwmlawfirm.com

Attorneys for Defendant
Bodega Latina Corporation
dba El Super

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALEX ROMAN TARANGO,<br><br>Plaintiff,<br><br>vs.<br><br>BODEGA LATINA CORPORATION,<br>d/b/a EL SUPER, DOES I-X, inclusive,<br>and ROE CORPORATIONS I-X,<br>inclusive,<br><br>Defendants. | Case No.: 2:17-cv-03062-MMD-VCF<br><br>**STIPULATION AND ORDER<br>REGARDING THE RULE 35<br>EXAMINATION OF PLAINTIFF** |

IT IS HEREBY STIPULATED AND AGREED by and between the parties of record, Orlando De Castroverde, Esq. of DE CASTROVERDE LAW GROUP, on behalf of Plaintiff ALEX ROMAN TARANGO; and Michael C. Mills, Esq. of BAUMAN LOEWE WITT & MAXWELL ON BEHALF OF Defendant BODEGA LATINA CORPORATION d/b/a EL SUPER to the following terms and conditions for the Rule 35 medical examination of ALEX ROMAN TARANGO by Joseph Schifini, M.D.

1. The examination will take place on July 6, 2018 at 3:00 p.m. at the offices of Joseph Schifini, M.D., 600 S. Tonopah #116, Las Vegas, NV 89106.

2. The examination shall be limited exclusively to the area of the examining physician's expertise. The physician's examination shall only cover those parts of

STIPULATION AND ORDER REGARDING THE RULE 35 EXAMINATION OF PLAINTIFF
- PAGE 1 OF 4 -
3076600v1

plaintiff's body that fall directly within the scope of the examining physician's expertise and that are in controversy.

3. No x-rays, CT scans or MRI's shall be performed during the examination unless advance permission is sought and approved in writing.

4. No mental or psychological examinations of Plaintiff shall be allowed.

5. Any paperwork or forms that Defendant's designated physician expects Plaintiff to fill out and/or sign at the time of the Rule 35 medical examination shall be submitted to Plaintiff's counsel for his/ her review and approval a minimum of 5 days prior to the examination.

6. The examination will be limited to the date and time agreed to by counsel. The designated physician shall not contact Plaintiff before or after the examination.

7. The designated physician may not engage in ex parte contact with Plaintiff's health care providers or other experts.

8. Plaintiff will not bring any medical records or films to the exam, as Defense Counsel may provide these to the designated physician.

9. Both the physician and the Plaintiff are permitted to operate a hand-held audio recorder throughout the examination should they so choose.

10. If the designated physician has prepared a medical record review report regarding this Plaintiff prior to the examination, the designated physician shall be disqualified from conducting the examination.

11. Defense Counsel shall provide the designated physician with a copy of these terms and advise the designated physician that the examination is contingent on the physician adhering to each and every rule.

12. Within ten (10) days of receipt by Defense Counsel, or by the initial expert deadline, whichever is sooner, Defense Counsel shall provide Plaintiff's Counsel with a copy of all reports and writings generated by the examining physician and/or the physician's staff regarding this matter, including, but not limited to: A copy of a detailed

1 | written report setting forth history, examination, findings, all diagnoses, all prognoses,
2 | all conclusions of the examining physician, and all records reviewed.

3 |       13.    Plaintiff is aware that Defendant will be obliged to pay the examining
4 | physician for the examination whether Plaintiff appears for the examination or not.
5 | Should plaintiff fail to appear at the place, date and time set forth above, Plaintiff may
6 | be obliged to reimburse defendant for the doctors cancellation fee of $1,600.00 two
7 | business days or less or $800.00 three to five business days prior to the scheduled
8 | deposition if the court determines that Plaintiff has not exercised his best efforts to
9 | attend the examination.

10 |       14.    Unless the examination begins within thirty (30) minutes of the scheduled
11 | start time, the Plaintiff shall have the right to leave without penalty.

12 | / / /
13 | / / /
14 | / / /
15 | / / /
16 | / / /
17 | / / /
18 | / / /
19 | / / /
20 | / / /
21 | / / /
22 | / / /
23 | / / /
24 | / / /
25 | / / /
26 | / / /
27 | / / /
28 | / / /

15. The designated physician shall not ask any questions which are not normally a part of a customary medical examination (e.g. liability, potential monetary recovery, professional criticisms, Plaintiff's motivation for or willingness to pursue the claim, Plaintiff's intentions/thoughts regarding potential monetary recovery, past settlements).

Dated this 21st day of June, 2018

DE CASTROVERDE LAW GROUP

/s/ Kimberly Valentin, Esq.

KIMBERLY VALENTIN, ESQ.
Nevada Bar No. 012509
ORLANDO DE CASTROVERDE, ESQ.
Nevada Bar No. 007320
1149 S. Maryland Pkwy.
Las Vegas, NV 89104
Phone: 702-964-1747
Fax: 702-383-8741
Attorneys for Plaintiff,
Alex Roman Tarango

Dated this 21st day of June, 2018

BAUMAN LOEWE WITT & MAXWELL

MICHAEL C. MILLS, ESQ.
Nevada Bar No. 003534
3650 N. Rancho Dr., Ste. 114
Las Vegas, NV 89130
Phone: 702-240-6060
Fax: 702-240-4267
Attorneys for Defendant,
Bodega Latina Corporation,
dba El Super

**IT IS SO ORDERED.**

~~UNITED STATES DISTRICT COURT JUDGE,~~
UNITED STATES ~~DISTRICT COURT~~ MAGISTRATE JUDGE
DATED: 6-25-2018